UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICHARD L. WILLEY, JR., | Case No. 2:24-cv-00467-JCM-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| BMW OF NORTH AMERICA, LLC, BAYERISCHE MORTEN WERKE AG, and WUTHRICH BMW LLC, | |
| Defendants. | |

Pending before the Court is the Proposed Discovery Plan and Scheduling Order (ECF No. 43). The parties do not agree on how discovery should proceed. BMW of North America, LLC ("Defendant") seeks a 12 month discovery period. Plaintiff seeks a six month discovery period. Defendant asks to preset the number of fact depositions that may be taken at fifteen (15). Plaintiff seeks to limit the number of depositions to ten (10) per side with leave to seek more if needed. Defendant asks the Court to limit the number of requests for admissions ("RFAs") that may be served to thirty (30), the number of requests to produce documents ("RFPs") that may be propounded to thirty (30), and the number of expert depositions that may be taken to one (1) for each side. The parties seek staggered expert disclosures, but on different timetables.

The Court finds that product liability cases inevitably take more than six months within which discovery will proceed. The Court further finds it is premature to limit the number of RFAs and RFPs to thirty (30) for each side as this seems too restrictive. However, a limit of fifty (50) should be more than sufficient. This limit is without prejudice to a request to exceed that number if agreed upon or good cause is shown.

The Court finds that the number of depositions permitted by the Federal Rules of Civil Procedure is a sufficient start, with the recognition that this number may be expanded upon a showing of good cause. With respect to expert depositions, it is not yet known how many initial experts may be disclosed or whether rebuttal expert, if any, will be the same individual.

1

Accordingly, IT IS HEREBY ORDERED that the Proposed Discovery Plan and Scheduling Order (ECF No. 43) is DENIED.

IT IS FURTHER ORDERED that the following discovery plan and scheduling order will apply to this matter:

1. The last day to conduct fact discovery is **February 6, 2025**. This means all fact discovery must be propounded and set so that it may be completed on or before this date.

2. The last day to amend pleadings and add parties is **November 6, 2024**.

3. Initial expert disclosures must be made as follows:

   a. For Plaintiff: **October 7, 2024**; and

   b. For Defendant: **November 7, 2024**.

4. Rebuttal expert disclosures for both parties must be disclosed no later than **December 6, 2024**.

5. Expert depositions must be completed no later than **February 28, 2025**.

6. The number of requests for admissions and requests to produce documents is limited to fifty (50) for each side. The number of interrogatories is governed by the Federal Rules of Civil Procedure.

7. The number of fact witness depositions is limited to ten (10) for each side. This number may be expanded upon a showing of good cause.

8. Each party may depose each expert retained by the opposing party only once. For sake of clarity, if a party retains two experts, each such expert may be deposed once by the opposing party.

9. The deadline to file dispositive motions is **April 28, 2025**.

10. Oppositions to dispositive motions are due **May 28, 2025**.

11. The joint pretrial order is due **June 30, 2025**; provided, however, that if a dispositive motion is pending on this date, the due date for the joint pretrial order is vacated and reset to thirty (30) days after all dispositive motions are ruled upon by the Court.

12.    Any modification to this discovery plan and scheduling order is due no later than **January 16, 2025**.  Good cause must be shown to warrant such extension.  Any request after this date must be supported by good cause and excusable neglect.

13.    The parties **must** thoroughly meet and confer in good faith before raising any discovery dispute with the Court.  The parties are **strongly encouraged** to avoid costly motion practice over discovery disputes by calling Chambers of the undersigned and requesting a hearing on any discovery dispute that arises.  The Court will do its best to accommodate such request without delay.  The Court will allow the parties to submit a single document summarizing the dispute and each party's respective position before the dispute is heard.

IT IS SO ORDERED this 6th day of May, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE