UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICHARD L. WILLEY, JR., | Case No. 2:24-cv-00467-JCM-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| BMW OF NORTH AMERICA, LLC, BAYERISCHE MORTEN WERKE AG, and WUTHRICH BMW LLC, | |
| Defendants. | |

Pending before the Court is Defendants BMW of North American, LLC and Bayerische Motoren Werke AG's Motion for Protective Order Regarding Non-Party Subpoenas.[1] ECF No. 45. The Court considered Defendants' Motion, Plaintiff's Response (ECF No. 46), and Defendants' Reply (ECF No. 49). Also pending is Plaintiff's Motion for Attorney's Fees. ECF No. 48. The Court considered this Motion as well as the Opposition. ECF No. 50.

**I.    Relevant Background**

Defendants move for a protective order that would prevent third parties BMW of Las Vegas, LLC, BMW of Henderson, AutoNation, Inc., and Consumer Technology Association (sometimes the "Non-Party Subpoena Recipients") from responding to subpoenas propounded by Plaintiff. Defendants argue Plaintiff did not seek permission to conduct jurisdictional discovery that they submit is improper and unnecessary. Plaintiff argues Defendants lack standing to challenge the non-party subpoenas that are procedurally proper under Fed. R. Civ. P. 26. Plaintiff points out the Court entered a discovery plan and scheduling order on May 6, 2024, which allows the parties to conduct discovery into February 2025. ECF No. 44. Plaintiff also argues that Defendants fail to establish the harm they must in order to be entitled to a Rule 26 protective order. In Reply, Defendants argue they do not need to establish standing separate from their status as parties in order to move for a

---

[1] BMW of North American, LLC and Bayerische Motoren Werke AG are referred to herein as "Defendants."

1

1  protective order under Rule 26. Defendants mention but do not discuss harm. And, Defendants
2  reiterate their argument that Plaintiff is conducting impermissible jurisdictional discovery.

3  **II.    Discussion**

4      a.    <u>Defendants' Motion for Protective Order is Denied</u>.

5      Because standing is a threshold concern, the Court discusses this issue before considering
6  any of the other arguments raised by the parties. Rule 45 of the Federal Rules of Civil Procedure
7  (sometimes "Rule 45") permits a party to obtain documents from a non-party by serving a subpoena
8  on the non-party so long as prior notice to all parties is provided. Fed. R. Civ. P. 45(a)(3). However,
9  "[t]he general rule 'is that a party has no standing to quash a subpoena served upon a third a party[]
10 except as to claims of privilege relating to the documents being sought.'" *Keybank National*
11 *Association v. Neumann Dermatology LLC*, Case No. CV-21-00133-PHX-JJT, 2022 WL 11861411,
12 at *2 (D. Ariz. Jan. 3, 2022) *quoting Rodrigues v. Ryan*, Case No. CV-14-08141-PCT-DGC, 2016
13 WL 4498458, at *5 (D. Ariz. Aug. 26, 2016) and *citing* Wright & Miller, Federal Practice &
14 Procedure § 2459 (3d ed. 2008) (further citations omitted). As often cited in this federal district,
15 "[a]s a general proposition, a party lacks standing under Fed. R. Civ. Pro. 45(c)(3) to challenge a
16 subpoena issued to a non-party unless the party claims a personal right or privilege with respect to
17 the documents requested in the subpoena." *G. K. Las Vegas Ltd. Partnership v. Simon Property*
18 *Group, Inc.*, Case No. 2:04-cv-01199-DAE-GWF, 2007 WL 119148, at *3 (D. Nev. Jan. 9, 2007)
19 (internal citations omitted). Further, a party lacks standing under Rule 45 to object to a subpoena by
20 a non-party based on relevance and undue burden, "especially where the non-party, itself, has not
21 objected." *Id*. (internal citation omitted).

22     Defendants' Motion for Protective Order does not discuss standing under Rule 45. *See* ECF
23 No. 45. In their Reply brief, Defendants argue they have standing to seek a protective order under
24 Federal Rule of Civil Procedure 26(c). ECF No. 49. Based on these filings, the Court finds there is
25 no dispute that Defendants do not have standing under Rule 45 to object to the subpoenas Plaintiff
26 served on the Non-Party Subpoena Recipients.

27     Several Court have concluded that Rule 26(c)(1) of the Federal Rules of Civil Procedure
28 provides a party to an action standing to seek a protective order relating to a subpoena issued to a

non-party under Rule 45.  In *R.J. Armstrong Living Trust v. Holmes*, Case No. 3:22-cv-00375-ART-CSD, 2024 WL 584675, at *2 (D. Nev. Feb. 9, 2024) the court stated: "a *party* may not move for a protective order or … to quash a subpoena to protect interests of a non-party.  Instead, a party may only move to protect its own interest affected by discovery sought from the non-party." *Id*. (emphasis in original, internal citations omitted).  In *Heyman v. Nevada ex rel. Board of Regents of Nevada*, Case No. 2:15-cv-1228-RFB-GWF, 2018 WL 10323384, at *2 (D. Nev. Apr. 20, 2018) (citing *G. K. Las Vegas Ltd.*, 2007 WL 119148, at *3), the court held: "A party can … move for a protective order in regard to a subpoena issued to a non-party if it believes its own interest is jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issue[d] to non-parties which seek irrelevant information." *See also Board of Trustees of Southern Nevada Joint Management and Culinary v. Fava*, Case No. 2:18-cv-00036-JCM-DJA, 2019 WL 11093817, at *2 (D. Nev. Oct. 31, 2019) (same); *First American Title Insurance Company v. Commerce Associates, LLC*, Case No. 2:15-cv-832-RFB-VCF, 2017 WL 53704, at *1 (D. Nev. Jan. 3, 2017) (same).  Of course, the scope of discovery is established by Federal Rule of Civil Procedure 26(b)(1), which states: "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Here, Defendants do not argue (1) relevance, (2) that they seek to protect their own interests, or (3) that they seek to protect a personal right or privilege with respect to content of the documents requested through the subpoena.  Instead, Defendants argue Plaintiff was required to obtain permission from the Court to conduct jurisdictional discovery before they could issue subpoenas to non-party recipients.  However, the law on which Defendants rely arises in cases in which general fact discovery under Rule 26 had not yet commenced.  *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 502, 507-09 (9th Cir. 2023); *LNS Enters. LLC v. Continental Motors, Inc.*, 22 F.4th 852, 857, 864-

65 (9th Cir. 2022); *Southport Lane Equity II, LLC v. Downey*, 177 F. Supp. 3d 1286, 1297-98 (D. Nev. 2016); *Pfister v. Selling Source, LLC*, 931 F. Supp. 2d 1109, 1118-19 (D. Nev. 2013).[2] The Court found no case law requiring jurisdictional discovery only with court permission after parties engaged in the conference required under Federal Rule of Civil Procedure 26(f)(1) and a discovery plan and scheduling order is entered on the docket, both of which occurred here. Given that the discovery sought is not irrelevant to issues being litigated, and Defendants do not show their interests or privileges are jeopardized by the discovery, the Court finds Defendants' procedural argument is an insufficient legal basis upon which to grant a protective order.

The Court recognizes that Defendants argue Plaintiff failed to plead sufficient facts to establish jurisdiction over Defendants and now seeks to cure that problem through discovery. Plaintiff responds by citing *Ignite Spirits, Inc. v. Consulting by AR, LLC*, Case No. 2:21-cv-01590-JCM-EJY, 2022 WL 993985, at *4 (D. Nev. Jan 24, 2022), for the proposition that they have established a prima facie case of jurisdiction over BMW AG and, for this reason, there is no merit to Defendants' argument. ECF No. 46 at 4.[3] Whether Plaintiff is correct is a decision to be made upon consideration of the pending dispositive motion and motion to remand. In the meantime, the law is clear that discovery is not automatically stayed by virtue of the filing of either of these motions. *Grammer v. Colo. Hosp. Ass'n Shared Servs., Inc.*, Case No. 2:14-cv-01701-RFB-VCF, 2015 WL 3938406, at *2 (D. Nev. June 26, 2015) (a stay of discovery is unwarranted pending resolution of a motion to remand); *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011)

---

[2] Defendants argue Plaintiff ignores case law requiring court permission to conduct jurisdictional discovery. ECF No. 49 at 5. Defendants are wrong. *See* ECF No. 46 at 5.

[3] The *Ignite Spirits* decision states:
When a defendant seeks dismissal based on a lack of personal jurisdiction, the plaintiff has the initial burden of showing that the exercise of jurisdiction is appropriate. *Marvix Photo, Inc. v. Brands Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (internal citation omitted). When the motion to dismiss is based on written materials rather than an evidentiary hearing, the plaintiff meets its burden with a prima facie showing of jurisdictional facts. *Id.* (citation omitted). "The plaintiff cannot simply rest on the bare allegations of its complaint, but uncontroverted allegations in the complaint must be taken as true. We may not assume the truth of allegations in a pleading which are contradicted by affidavit, but we resolve factual disputes in the plaintiff's favor." *Id.* (internal citations, brackets, and quote marks omitted). "If the plaintiff is able to meet its prima facie burden, the movant can nonetheless continue to challenge personal jurisdiction either at a pretrial evidentiary hearing or at trial itself." *Goldsmith v. Sill*, Case No. 2:12-cv-0490-LDG-CWH, 2013 WL 1249707, at *1 (D. Nev. Mar. 26, 2013) (internal citation omitted).
2022 WL 993985, at *4.

4

(a dispositive motion does not warrant a stay of discovery).  A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the heavy burden of establishing that discovery should be stayed. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).  While whether a court can exercise jurisdiction over a named party may justify a stay of discovery, *Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 653 (D. Nev. 1989), Defendants have not filed a motion to stay and do not argue the elements necessary such that they provided Plaintiff with notice of this argument and an opportunity to respond.  *See* ECF No. 45.

Finally, Defendants' Motion does not mention, let alone discuss, Rule 26(c)(1)'s requirement that a protective order be justified by a showing of enumerated harm supported by specific facts "distinguished from stereotyped and conclusory statements."  *NML Capital, Ltd. v. Republic of Argentina*, Case No. 2:14-cv-492-RFB-VCF, 2015 WL 3489684, at *3 (D. Nev. June 3, 2015) (internal citation omitted).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992) (internal citation omitted).  Defendants' Reply quotes Rule 26(c), but leaves out the well established requirement to demonstrate harm and fails to enumerate any specific harm that will accrue if the Non-Party Subpoena Recipients respond to the subpoenas served.  ECF No. 49 at 4.

Given Defendants' procedural argument is without merit, and they do not seek or demonstrate the basis for a stay of discovery, do not move for a protective order to protect their own interest, and fail to address harm under Rule 26(c), the Court finds Defendants have not established the basis for the protective order they seek.

b.  <u>Plaintiff's Motion for Attorney's Fees is Denied</u>.

The Court has broad discretion when determining whether to grant a motion for attorney's fees.  *Thornberry v. Delta Air Lines, Inc.*, 676 F.2d 1240, 1242 (9th Cir.1982), *vacated on other grounds*, 461 U.S. 952 (1983).  While the Court denied Defendants' Motion for Protective Order, Defendants' Motion was not without justification.  Instead of focusing on procedure, which appears to be Defendants' preference, a motion to stay discovery based on jurisdiction, which is at the heart

of the Motion for Protective Order, may have yielded a different result. Thus, Plaintiff's request for attorney's fees is denied.

### III.     Order

Accordingly, IT IS HEREBY ORDERED that Defendants BMW of North America, LLC and Bayerische Motoren Werke AG's Motion for Protective Order (ECF No. 45) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Attorney's Fees (ECF No. 48) is DENIED.

Dated this 30th day of July, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE