UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD L. WILLEY, JR., | Case No.2:24-CV-467 JCM (EJY) |
| Plaintiff(s), | |
| v. | ORDER |
| BMW OF NORTH AMERICA, LLC, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Richard L. Willey, Jr.'s motion for leave to amend complaint and to remand to state court for lack of subject matter jurisdiction. (ECF No. 34). Defendant BMW of North America, LLC filed a response (ECF No. 40), to which plaintiff replied (ECF No. 41). For the reasons stated below, the court grants the motion.

**I.     Background**

This action originates from a motor vehicle incident in which Willey's airbags erroneously deployed while he was driving. (ECF No. 34 at 1). Willey filed a complaint in state court naming BMW of North America, LLC, BMW AG, and Wuthrich BMW, LLC as defendants. (ECF No. 32 at 2).

Willey originally named Wuthrich as the seller of the defective vehicle. (*Id.*). During discovery, Willey learned the true seller was a man named Marcos Gonzalez-Guzman. (*Id.*). Defendant denied Willey's request to amend the state court complaint to join Gonzalez-Guzman. (*Id.*). Defendants then removed the case to this court, claiming Willey fraudulently joined Wuthrich. (*Id.* at 3).

Gonzalez-Guzman is a citizen of Nevada who lives and resides in Clark County, Nevada. (*Id.* at 3). Willey now moves to amend his complaint in this court to join Gonzalez-Guzman as a

defendant. (*Id.* at 8). Because joining Gonzalez-Guzman would destroy diversity jurisdiction, Willey also seeks to remand the matter back to state court. (*Id.*)

## II. Legal Standard

If the plaintiff seeks to join additional defendants after removal whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court. 28 U.S.C § 1447(e).

Under § 1447(e), courts have broad discretion to consider the following factors when ruling on a motion that would destroy diversity jurisdiction: (1) prejudice to plaintiff, (2) balancing the equities, and (3) whether injustice would occur. *Newcombe v. Adolf Coors Co.*, 157 F.3d at 691. "The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." *Id.*

## III. Discussion

### A. Amendment under § 1447

After considering the court's discretion under § 1447 and the relevant *Newcome* factors, the court is persuaded that the Willey should be granted leave to amend the complaint.

First, the court finds prejudice is likely to occur if Willey is denied amendment. Willey seeks to amend his complaint to join the true seller of the vehicle that caused his accident. The court is not inclined to force Willey to forego a potentially valid claim against a non-diverse defendant simply to retain jurisdiction in this court. Moreover, Willey's claims against Gonzalez-Guzman will be barred by the statute of limitations for negligence actions if joinder is denied. Nev. Rev. Stat. §§ 11.190(2)(c). This factor therefore weighs in favor of amendment.

The balance of equities also weighs in favor of granting Willey's motion. This factor considers the plaintiff's motive for seeking amendment as well as his diligence in doing so. *Brown v. Bank of Am., N.A.,* 2:24-CV-00867-CDS-DJA, 2024 WL 4024902 (D. Nev. Aug. 5, 2024). Willey sought leave to amend in state court five months after filing the action, which the defendants opposed. (ECF No. 34-4). He subsequently filed the instant motion in a timely manner after the case was removed. *Lieberman v. Wal-Mart Stores, Inc.*, No. 2:12-cv-1650 JCM (PAL), 2013 WL 596098, at *2 (D. Nev. Feb. 15, 2013) (finding joinder timely where it was requested

1 five months after the case was filed).  Here, the court is persuaded that Willey sought timely
2 remedy upon learning the correct parties.

3   Finally, the court considers whether injustice would occur.  Here, Willey would be forced
4 to pursue redundant litigation in another forum for his claims against Gonzalez-Guzman, and the
5 statute of limitations for negligence has passed.  (ECF No. 34 at 5).  Given the court's broad
6 discretion to grant leave to amend, it finds justice will be best served by adjudicating the rights of
7 all parties involved in this action.

8   B. Remand to state court

9   This case was removed based upon diversity of citizenship.  (ECF No. 1 at 3).  Joining
10 Gonzalez-Guzman destroys that diversity as both Willey and Gonzalez-Guzman are Nevada
11 residents.  This court therefore holds no jurisdiction over the parties and the case must be remanded
12 under 28 U.S.C. § 1332.

13   C. Remaining pending motions

14   Also pending before the court is a motion to dismiss filed by defendant BMW AG (ECF
15 No. 19) and a motion to extend time to respond filed by Willey (ECF No. 36).  Because this court
16 retains no jurisdiction in this matter, these motions are summarily denied as moot.

17 **IV.** **Conclusion**

18   Accordingly,

19   IT IS HEREBY ORDERED, ADJUDGED, and DECREED plaintiff Richard L. Willey
20 Jr's motion for leave to amend complaint and remand case (ECF No. 34) be GRANTED.

21   IT IS FURTHER ORDERED that defendant BMW AG's motion to dismiss (ECF No. 19)
22 and plaintiff's motion to extend time to respond (ECF No. 36) be DENIED as moot.

23 . . .
24 . . .
25 . . .
26 . . .
27 . . .
28 . . .

1    IT IS FURTHER ORDERED that because joinder of defendant Marcos Gonzalez-Guzman
2 destroys complete diversity and divests the court of subject matter jurisdiction, this case shall be
3 REMANDED to the Eighth Judicial District Court, Clark County, Nevada, Case No. A-23-
4 877911-C.

5    The clerk of court is INSTRUCTED to close this case.

6    DATED November 22, 2024.

       _____
       UNITED STATES DISTRICT JUDGE